**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

OMAR GHASSAN,

       *Plaintiff*,

      v.

U.S. DEPARTMENT OF JUSTICE,

       *Defendant*.

Civil Action No. 22-1615 (RDM)

---

## MEMORANDUM OPINION

      Plaintiff Omar Ghassan, proceeding *pro se*, alleges that, at some unspecified time, he submitted an unspecified number of letters requesting information from the Department of Justice ("the Department") under the Freedom of Information Act ("FOIA").  *See* Dkt. 1 at 2. Ghassan claims that his FOIA requests were never answered.  *Id.*  Almost five months ago, the Department moved to dismiss, or in the alternative, for summary judgment, arguing that Ghassan never submitted any FOIA request and that he failed to exhaust administrative remedies.  Dkt. 7 at 9.  Ghassan has failed to respond to the Department's motion, despite numerous extensions and warnings.  For the reasons explained below, the Court agrees with the Department.  The Court will, therefore, grant the Department's motion for summary judgment.

### I. BACKGROUND

      Ghassan brings this action under the FOIA, *see* 5 U.S.C. § 552.  Although his complaint is not a model of clarity, he alleges that this Court granted an order "to justify the killing of the applicant and his little kids under the killing program and executive orders signed by the Obama administration."  Dkt. 1 at 2.  He further alleges that "[t]he US government ha[s] created [an]

assassination killing program by sophisticated invention such as micro drones, with invasive interference through microwave radiation, [and] implanting tracking and control decides to track and kill the applicant." *Id.* He claims that he and "his family [have] been victims of this secret program . . . after [a] local FBI Pakistani agent who [had] been harassing the applicant for years encouraged the authorities to kill the applicant secretly based on the order granted by this respected court." *Id.* Ghassan then avers that "[i]t's very important to notify this court that few letters to the Defendants to reveal any information under FOIA [have] never been answered." *Id.* He adds that "[t]his respected court is urgently required to left [sic] the information provided by the defendants in order to get the illegal order to be used for the killing of the applicant and his family." *Id.* at 3. He also filed a "Declaration of Affidavit" in "support to the urgent Application of FOIA." *Id.* at 5. Then, on July 5, 2022, Ghassan filed a motion for a temporary restraining order, Dkt. 4, which this Court denied as premature, Min. Order (07/07/2022).

On September 15, 2022, the Department filed a motion to dismiss, or in the alternative, for summary judgment. *See* Dkt. 7. In it, the Department argues that "(1) plaintiff has not alleged that he sent a FOIA request, (2) defendant is not the recipient of any FOIA request submitted by plaintiff, (3) plaintiff failed to exhaust his administrative remedies, (4) the complaint fails to state a claim upon which relief can be granted, see Fed. R. Civ. P. 12(b)(6), and, (5) there are no material facts in dispute and FBI is entitled to judgment as a matter of law." *Id.* at 1; *see also id.* at 4. In support of its motion, the Department includes a Declaration by an FBI Section Chief familiar with the agency's FOIA procedures and search in this case. *See* Dkt. 7-1 (Declaration of Michael G. Seidel).

On September 18, 2022, the Court issued a *Fox/Neal* Order instructing Ghassan to file a brief in opposition to the Department's Motion to Dismiss on or before October 14, 2022. Dkt. 7

at 2.  On October 5, 2022, Ghassan filed a motion for extension of time to respond, arguing that two of his lawyers assured him that the FOIA request was submitted and that he needed additional time to contact his attorneys before responding.  Dkt. 9.  The Court granted that extension and ordered that Ghassan respond on or before October 28, 2022.  On October 29, 2022, Ghassan again moved for an extension of time to respond, Dkt. 10, which the Court again granted and ordered Ghassan to respond on or before November 21, 2022.  Finally, on November 29, 2022, Ghassan again moved for an extension of time.  Dkt. 11.  The Court granted the motion, ordering Ghassan to file his opposition on or before January 16, 2023, and explaining that "Plaintiff is cautioned, however, that this is the final extension of time to respond to the motion to dismiss."  Min. Order (12/01/2022).  To date, Ghassan has failed to respond to the Department's motion, nor has he filed another extension motion.

## II. LEGAL STANDARD

FOIA cases are typically resolved on motions for summary judgment under Federal Rule of Civil Procedure 56.  *See, e.g., Shapiro v. U.S. Dep't of Justice*, 153 F.Supp.3d 253, 268 (D.D.C. 2016).  To prevail on a summary judgment motion, the moving party must demonstrate that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "In a FOIA action, the Court may award summary judgment to an agency solely on the basis of information provided in affidavits or declarations that describe ' . . . the justifications for nondisclosure [of records] with reasonably specific detail . . . and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'"  *Thomas v. FCC*, 534 F. Supp. 2d 144, 145 (D.D.C. 2008) (quoting *Military Audit Project v. Casey*, 656 F.2d 724, 728

(D.C. Cir. 1981)).  The Court reviews the agency's decision de novo, and the agency bears the

burden of sustaining its action.  5 U.S.C. § 552(a)(4)(B).

### III. ANALYSIS

"An agency's disclosure obligations [under FOIA] are not triggered . . . until it has

received a proper FOIA request in compliance with its published regulations."  *Mitchell v.*

*Samuels*, 160 F.Supp.3d 8, 11 (D.D.C. 2016) (quoting *Antonelli v. Fed. Bureau of Prisons*, 591

F.Supp.2d 15, 26 (D.D.C. 2008)); *see also Thomas*, 534 F.Supp.2d at 145 ("An agency's

obligation under the FOIA does not arise . . . until a proper request is received.").  "If no FOIA

request is received, an agency has no reason to search" for or to produce records.  *Mitchell*, 160

F. Supp. 3d at 12 (quoting *Carbe v. Bureau of Alcohol, Tobacco & Firearms*, 03–cv–1658, 2004

WL 2051359, at *8 (D.D.C. Aug. 12, 2004)).  A FOIA plaintiff's "failure to file a perfected

request," moreover, "constitutes [a] failure to exhaust administrative remedies."  *Walsh v. FBI*,

905 F. Supp. 2d 80, 84 (D.D.C. 2012) (quoting *Rodriguez-Cervantes v. Dep't of Health &*

*Human Servs.*, 853 F.Supp.2d 114, 117 (D.D.C. 2012) ); *see also Antonelli*, 591 F.Supp.2d at 26

("As a general rule, a FOIA requester must exhaust administrative remedies prior to seeking

judicial review.").  Simply put, an agency cannot respond to a FOIA request it never received,

and a plaintiff cannot maintain an action premised on a FOIA request he never submitted.

In FOIA cases like this one—"where agencies allege that they were unable to find . . .

plaintiffs' requests for information"—the "agencies must demonstrate that they conducted

searches reasonably calculated" to locate the request or any evidence that it received.  *Walsh*,

905 F. Supp. 2d at 84.  Agencies can satisfy this obligation by submitting declarations describing

their search efforts that "contain sufficient detail" and "are not controverted by contrary

evidence."  *Id.* (citations omitted).  Those declarations "are 'accorded a presumption of good

faith.'"  *Borda v. Exec. Office for the U.S. Attorney*, 125 F.Supp.3d 196, 198 (D.D.C. 2015)

(quoting *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991)).

Here, in support of its motion for summary judgment, the Department submitted a

declaration from Michael G. Seidel, Section Chief of the Record/Information Dissemination

Section (RIDS) of the Information Management Division at the FBI.  Dkt. 7-1 at 1 (Seidel Decl.

at ¶ 1).  Seidel explains that he supervises the management of responses to requests for access to

FBI records pursuant to the FOIA.  *Id.* at 2 (Seidel Decl. at ¶ 2).  He then explains that, although

Ghassan's "Complaint is unclear[,] . . . assuming [he] is alleging the FBI failed to respond to a

previously submitted FOIPA [FOIA and or Privacy Act] request, the FBI has no record of

receiving any FOIPA request from" Ghassan.  *Id.* at 2-3 (Seidel Decl. at ¶ 4).  Seidel further

attests that RIDS conducted a search of the FBI's FOIPA Document Processing System

("FDPS") for Ghassan's name, and "no record of a request submitted by the requester was

located."  *Id.* at 3 (Seidel Decl. at ¶ 6).  And he explains that FDPS "is the internal repository and

application used by RIDS to process" FOIPA requests to the FBI, and that "[a]ll FOIPA requests

received by the FBI are centrally processed by RIDS."  *Id.* at 3 (Seidel Decl. at ¶ 5).  Seidel thus

concludes that Ghassan "failed to properly submit a FOIA request to the FBI."  *Id.* (Seidel Decl.

at ¶ 7).

This declaration is sufficient to establish that the Department "conducted [a] search[ ]

reasonably calculated" to locate the FOIA request described in Ghassan's complaint.  *Walsh*, 905

F. Supp. 2d at 84.  Seidel explained that he is familiar with the FBI's FOIPA search process and

that, per that process, it appears that Ghassan did not file a FOIA request.  Having reviewed the

declaration, the Court has no reason to doubt that assertion.  And while Ghassan's complaint

fails to explain where exactly he sent his unspecified number of FOIA requests (and when he

made those requests), he sued the Department and mentioned the FBI several times in his Complaint, Dkt. 1 at 2.

For his part, Ghassan has submitted "no proof that he mailed" the FOIA request described in his complaint, "or that the [Department] received it." *Walsh*, 905 F. Supp. 2d at 85. Indeed, although many months have now passed since the Department filed its motion and Ghassan was warned of the consequences of failing to respond, he has failed to offer any response to the Department's motion for summary judgment. Attached to his third motion for extension, Ghassan submitted correspondence with various federal entities, but none of that correspondence indicates that Ghassan properly submitted a FOIA request with the FBI. His correspondence includes: (1) an email "Receipt of your correspondence" between DOJ-OIG and Ghassan; (2) a letter from the Department of Justice Office of Inspector General explaining that the "matters [he] raised are outside [its] investigative jurisdiction;" (3) three emails from Ghassan to the email address CRT.CRM@usdoj.gov, seemingly the Civil Rights Division at DOJ, none of which mention a FOIA request; and (4) an email from DOJ's Civil Rights Division explaining that it cannot assist Ghassan with this matter. Dkt. 11-1 at 13-18. None reflects that Ghassan properly filed a FOIA request with any federal agency.

To be sure, a "motion for summary judgment cannot be deemed 'conceded' for want of opposition." *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 508 (D.C. Cir. 2016). But, if a party fails "to properly address another party's assertion of fact," the Court may "consider the fact undisputed for the purposes of the motion." *Id.* (quoting Fed. R. Civ. P. 56(e)). Here, the Department has "presented undisputed" and convincing "evidence that it searched for [Ghassan's] FOIA request in the places that [it] would have been located, but did not discover any such request." *Walsh*, 905 F. Supp. 2d at 85. Because Ghassan has failed to controvert that

evidence, the Court concludes that he "never properly initiated and exhausted the FOIA administrative process" and "'is not entitled to maintain a civil action with respect'" to the FOIA request described in his complaint.  *Id.* (quoting *Brown v. FBI*, 675 F. Supp. 2d 122, 126 (D.D.C. 2009)).  The Court will, accordingly, grant the Department's motion for summary judgment.

A separate order will issue.


/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge


Date:  February 8, 2023